373 So.2d 419 (1979)
SACO DEVELOPMENT, INC., Appellant,
v.
JOSEPH BUCHECK CONSTRUCTION CORPORATION, a Florida Corporation, W.E. Music, Individually, W.E. Music, D/B/a Music and Worthe Construction Company, and the First National Bank of Live Oak, a National Banking Corporation, Appellees.
No. MM-319.
District Court of Appeal of Florida, First District.
July 26, 1979.
*420 Martin S. Page of Darby, Peele, Page & Bowdoin, Lake City, for appellant.
Winston W. Jacobo, Live Oak, Thomas W. Brown of Brannon, Brown, Norris, Vocelle & Haley, Lake City, and Andrew J. Decker, III, of Airth, Sellers & Lewis, Live Oak, for appellees.
McCORD, Acting Chief Judge.
This appeal is from final summary judgment in favor of appellees W.E. Music and The First National Bank of Live Oak against appellant Saco Development, Inc. We reverse as to Music and affirm as to the Bank.
Bucheck Construction Company brought an action against appellant, Saco, on a claim of lien arising out of construction of a shopping mall by Bucheck. This appeal arises from a third-party complaint filed by Saco against appellees Music and the Bank for indemnity as to the primary claim of Bucheck against Saco. Saco and Music had entered into a joint venture agreement under which each had a 50% interest in the mall and, it was agreed that each would share equally in the liability for payment of all valid liens or debts on the mall. Appellant Saco contends that the Bank, from whom funds were borrowed for completion of construction of the mall, is the alter ego of Music. Subsequently, on July 27, 1976, in order to induce Saco to convey its one-half interest in the property to Music, Music executed an agreement to indemnify and hold harmless Saco from any losses relating *421 to the mall property. At the same time, Saco conveyed its one-half interest to Music and Music executed general releases to Saco and to the First National Bank of Live Oak. In addition, simultaneously with execution of the above documents, Saco executed general releases to Music and to the Bank. Also, the Bank executed a release to Saco. The trial court found as a matter of law, based on the undisputed facts, pleadings, affidavits and admissions, that Saco, by execution of the general release to Music, discharged Music from any and all claims and causes of action which Saco may have had against Music and that Saco's execution of the general release to the Bank discharged the Bank from any claim which Saco may have had against it. It, therefore, granted summary judgment in favor of Music and the Bank.
Appellant Saco contends that under either one of two theories, the trial court erred in granting summary judgment. It contends first that the indemnity and hold harmless agreement executed in its favor by Music constituted a transaction standing independent of and separate from the exchange of the mutual releases and was an otherwise unqualified undertaking of Music; that Saco's cause of action is founded upon the hold harmless agreement and thus summary judgment dismissing its third-party complaint was error. Secondly, Saco contends that the hold harmless agreement was only one of several instruments in the same transaction, all of which were executed contemporaneously; that when one instrument is given contemporaneously with others as part of the same transaction, they are considered together, as if one contract, in determining their meaning and effect; that the hold harmless agreement, when read together with the general releases, creates an ambiguity as to the effect to be given to the various instruments since the terms of the indemnity and hold harmless agreement are inconsistent with the terms of the release instrument; that under such circumstances, parol evidence is admissible. Saco points out that in its affidavit in opposition to the motion for summary judgment, it asserted that the mutual releases were exchanged for the purpose of discharging the parties from claims of each against the other that might have arisen from the joint venture relationship which they dissolved as a result of Saco's sale to Music of its one-half interest in the mall; that the indemnity and hold harmless agreement given by Music to Saco in that sale was a necessary part of the consideration required by Saco to induce it to sell. Saco contends that those sworn assertions, if undisputed for purposes of the motion for summary judgment, were sufficient to overcome the motion; that if they were disputed, then summary judgment was improper as there were disputed issues of material fact which require trial. We agree with Saco's latter contention.
Parol evidence is admissible to show that several instruments are all part of one transaction for the purpose of considering them in pari materia as one transaction. Northwestern Bank v. Cortner, 275 So.2d 317 (Fla. 2 DCA 1973). When these instruments are considered together as one transaction, which they obviously are, it is quite apparent that their mutual repugnance creates an ambiguity as to their meaning. It is not understandable why Saco would insist upon and accept an indemnity and hold harmless agreement from Music as part of the consideration for purchase by Music of Saco's 50% interest in the mall and at the same time execute a release to Music which would have the effect of wiping out the indemnity and hold harmless agreement. The ambiguity created by the mutual repugnance of the instruments requires consideration of such evidence, parol or otherwise, as the parties may present on the question of the intent of the parties. Thus, summary judgment is premature at this time.
Music argues that Saco admitted in its affidavit that: (a) the four releases were executed by the parties involved; (b) the four releases were delivered to each respective party; (c) consideration was given by each party for the execution of the releases; (d) that all liability under the joint venture *422 agreement dated June 17, 1976, was extinguished by the execution and delivery of the mutual releases. This, however, is not so inconsistent with Saco's version of the intent of the parties, as shown by its affidavit, as to relieve the ambiguity.
As to the summary judgment entered in favor of First National Bank of Live Oak, however, Saco gave a general release to the Bank without acquiring an indemnity and hold harmless agreement from it. No genuine issue as to any material fact was shown as to Saco's claim against the Bank, and the trial court was correct in finding that the Bank was entitled to a judgment as a matter of law and in entering the summary judgment.
The summary judgment in favor of First National Bank of Live Oak is AFFIRMED, and the summary judgment against Saco Development is REVERSED.
ERVIN and LARRY G. SMITH, JJ., concur.