397 So.2d 1184 (1981)
Robert Tod HOFFMAN, Appellant,
v.
Timothy Miller TERRY and Patricia R. Terry, Appellees.
No. 80-1484.
District Court of Appeal of Florida, Third District.
May 5, 1981.
Shutts & Bowen and Richard M. Leslie, Miami, for appellant.
Cuadrado & Sosby, Miami, and Teresa Gail Sosby, for appellees.
Before HUBBART, C.J., and BARKDULL and FERGUSON, JJ.
FERGUSON, Judge.
The issue at trial was the correct interpretation to be given the terms of a contract. Appellant contends that the language of the instrument was clear and unambiguous and should have been interpreted by the court as a matter of law. Appellee contends that the provision in question had a meaning inconsistent with that meaning advanced by appellant. The court submitted the cause to the jury which returned a verdict in favor of appellees. The issues on appeal are whether the court correctly submitted the question to the jury to interpret the contract and correctly denied appellant's motion for a directed verdict.
We have examined the record, particularly the disputed contract provision, and find that the provision is, as determined by the trial court, reasonably susceptible to more than one construction. Because the provision is ambiguous, it was proper to submit the issue to the jury for resolution as a matter of fact. Friedman v. Virginia Metal Products Corp., 56 So.2d 515 (Fla. 1952); Pan American Bancshares, Inc. v. Trask, 278 So.2d 313 (Fla. 3d DCA 1973). There was no error in denying appellant's motion for a directed verdict. See, e.g., Hendricks v. Dailey, 208 So.2d 101 (Fla. 1968); Bruce Construction Corp. v. The State Exchange Bank, 102 So.2d 288 (Fla. 1958); Behar v. Root, 393 So.2d 1169 (Fla. 3d DCA 1981); Laird v. Potter, 367 So.2d 642 (Fla. 3d DCA 1979).
Affirmed.