412 So.2d 415 (1982)
David C. QUIRING and Pamela L. Quiring, His Wife, Appellants,
v.
Don E. PLACKARD and Betty Plackard, His Wife, Appellees.
No. 81-464.
District Court of Appeal of Florida, Third District.
April 13, 1982.
*416 A.M. Schwitalla, Coral Gables, John M. Goodman, Miami, for appellants.
Robert S. Appleton, Marathon, for appellees.
Before HUBBART, C.J., and HENDRY and FERGUSON, JJ.
HENDRY, Judge.
Appellants, David and Pamela Quiring, appeal from a final judgment of the trial court accelerating a mortgage and note owed to plaintiffs/appellees, the Plackards.
The dispute herein evolved from the Quirings' purchase of a bowling alley from the Plackards for $258,000. The Plackards took back a purchase money mortgage and note in the amount of $100,000 which provided, inter alia, for acceleration of the full amount outstanding in the event of default, and a discount of $28,000 in the event the mortgage was paid in full on or before November 1, 1981. Monthly payments by the Quirings were consistently late and the Plackards gave notice that future payments made after the thirty day grace period would no longer be accepted. The Quirings' June, 1980 payment was late and the Plackards returned the check, informing them that they were in default. Two days after a foreclosure suit was filed, the Quirings tendered a cashier's check in the amount of $69,420.47, which represented the full unpaid principal of the mortgage plus interest, costs, and miscellaneous charges, less the $28,000 discount. The Plackards refused to accept the check, and following a non-jury trial, the court enforced the acceleration clause in the mortgage and rendered judgment in favor of the Plackards for the full amount due, reserving the issue of costs and attorneys' fees for a subsequent hearing.
The Quirings have presented several issues for our consideration, which we have consolidated into three main points: (1) the court erred in ruling that the acceleration clause in the mortgage prevailed over the discount clause, (2) the court erred in excluding testimony regarding the circumstances of the execution of the original sales contract between the parties, and (3) the court improperly reserved jurisdiction to award attorneys' fees when no evidence to support such fees had been presented at trial. We find no error in the proceedings below and affirm.
Despite their default, the Quirings argue that they are still entitled to discount the amount owed by $28,000, since the mortgage was accelerated prior to November 1, 1981, the cutoff date for the discount. They also contend that evidence of the parties' intent should have been admissible to resolve an apparent conflict between the two provisions in the mortgage. Paragraphs two and eleven, the discount clause and the acceleration clause, respectively, provide in relevant part:
2) In the event the mortgage is paid in advance in full, on or before November 1, *417 1981, this Third Mortgage may be discounted by $28,000.00 from the then principal balance.
* * * * * *
11) If any of said sums of money herein referred to be not promptly and fully paid within thirty (30) days next after the same severally become due and payable, ... the said aggregate sum mentioned in said promissory note shall become due and payable forthwith or thereafter at the option of the Mortgagees, ... as fully and completely as if the said aggregate sum of ONE HUNDRED THOUSAND AND NO/100 DOLLARS ($100,000.00) were originally stipulated to be paid on such day, anything in said promissory note or herein to the contrary notwithstanding. (emphasis supplied)
We conclude that extrinsic evidence regarding negotiations prior to execution of the mortgage was correctly excluded from this case. All prior negotiations between the parties merged into the final written evidence of their agreement, Carlon, Inc. v. Southland Diversified Co., 381 So.2d 291 (Fla. 4th DCA 1980); Financial Federal Savings and Loan Ass'n of Dade County v. Continental Enterprises, Inc., 338 So.2d 907 (Fla. 3d DCA 1976); Window-master Corp. v. Jefferson Construction Co., 114 So.2d 626 (Fla. 3d DCA 1959), and parol evidence could not be introduced to vary the terms of the written instrument unless an ambiguity existed. Schwartz v. Zaconick, 68 So.2d 173 (Fla. 1953); First Guaranty Corp. v. Palmer Bank and Trust Co. of Fort Myers, 405 So.2d 186 (Fla. 2d DCA 1981); Atkins v. Bianchi, 162 So.2d 694 (Fla. 1st DCA 1964); cf. Bleemer v. Keenan Motors, Inc., 367 So.2d 1036 (Fla. 3d DCA 1979) (parol evidence rule does not apply where legal existence or binding force of instrument is in question).
Paragraph eleven of the mortgage, which specifically provides that the acceleration clause controls "anything in said promissory note or herein to the contrary notwithstanding," resolves any conflict between the two provisions and manifests the predominance of the acceleration clause over the discount clause. Accordingly, use of parol evidence to explain or vary the terms of the mortgage was prohibited, see Grier v. M.H.C. Realty Corp., 274 So.2d 21 (Fla. 4th DCA 1973), and the Plackards' contractual right to accelerate the full balance of the mortgage was properly enforced. Scarfo v. Peever, 405 So.2d 1064 (Fla. 5th DCA 1981).
We also find no error with respect to the trial court's reservation of jurisdiction to award attorneys' fees at a later time. Although the mortgage provided for payment of attorneys' fees by the Quirings upon their failure to comply with the terms of the instrument, this provision did not become effective until their default was fully determined. This issue was, therefore, properly delayed pending outcome of the litigation.
Affirmed.