LEHAN, Judge.
Plaintiff appeals from the trial court’s dismissal of the complaint for lack of subject matter jurisdiction. We reverse for the reason that in this breach of contract case the amount in controversy was a matter for the jury because the contract is ambiguous as to whether the amount contracted for exceeded $5,000.
Plaintiff, a painter, prepared a written agreement to provide painting services for defendant, a builder. The first page of the agreement was a printed form describing the type of interior and exterior painting to be done and stating that the work would be performed at “Kings Lake Model B.” The space for the contract price was filled in with the figure of $2,350.
Attached to the printed form were two pages of additional contract provisions, handwritten by plaintiff. Paragraph Seven of those provisions states “Pricing has been based on painting 49 houses Model A, B, or C or any combination of the three models totaling 49 houses. If less than 49 houses are painted, the painting cost per house will be negotiated upwards.” Several changes to the handwritten provisions had been made by defendant. In Paragraph Seven, the first “49” had been circled and the figure “20 ± ” had been inserted.
The contract was not performed, and plaintiff sued for its breach. The complaint alleged that the agreement was that plaintiff would be paid $2,350 per house for painting forty-nine houses, unless fewer than forty-nine houses were built, in which case the parties had agreed to negotiate a higher price per house.
Plaintiff began the trial by testifying on his own behalf. Plaintiff testified that he and defendant had agreed that plaintiff would paint the houses built by defendant in the Kings Lake development. According to plaintiff, at the time the contract was signed it was anticipated that defendant would build, and plaintiff would paint, forty-nine houses. Plaintiff testified that he based his price per house on the assumption that he would paint a large number of houses because he paid a lower price for the paint if he bought in lots large enough to paint ten houses.
During cross-examination of plaintiff, the trial court ruled as a matter of law that the face of the contract showed that it was for the painting of only one house with the pricing based on painting either forty-nine houses or “20 ±” houses. The court then ruled that it did not have jurisdiction because the possible damages were less than $5,000 and transferred the cause to county court.
On appeal, plaintiff contends that the issue of the correct interpretation of the contract should have been submitted to the jury. We agree. Because of our disposition of this first issue, we need not reach plaintiffs other point on appeal, which involves whether plaintiffs initial good faith demand in the complaint for damages exceeding $5,000 met the jurisdictional amount requirements in the circuit court notwithstanding developments at trial.
As to the first issue, in our view the written contract was ambiguous. The provisions of the contract relating to the number of houses to be painted are reasonably susceptible to more than one interpretation. *296 The plaintiff testified that the contract was for more than one house. Paragraph Seven originally stated that pricing was based upon forty-nine houses, then was changed by defendant to read “20 ±” houses. Although the trial court stated that this provision pertained only to pricing and not to the number of houses contracted to be painted, it can be argued that it would be illogical to base a contract to paint one house upon the cost of painting forty-nine houses. In any event, an indication of the contract’s ambiguity is its statement in Paragraph Eight that “rooms in houses may be painted in pastel colors,” referring to more than one house.
Because the contract is ambiguous, the issue should be submitted to a jury for resolution as a question of fact. Hoffman v. Terry, 397 So.2d 1184 (Fla. 3d DCA 1981). See Friedman v. Virginia Metal Products Corp., 56 So.2d 515 (Fla.1952).
REVERSED AND REMANDED.
RYDER, A.C.J., and DANAHY, J., concur.