452 So.2d 1014 (1984)
CENTRAL COLD STORAGE, INC., Appellant,
v.
LEXINGTON INSURANCE COMPANY, Appellee.
No. 84-41.
District Court of Appeal of Florida, Third District.
June 26, 1984.
Rehearing Denied August 3, 1984.
Michael A. Nuzzo, Miami, for appellant.
Hurt, Richardson, Garner, Todd & Cadenhead and Robert L. Todd and Rex M. Lamb, III, and Henry D. Fellows, Jr., Atlanta, Ga., for appellee.
Before SCHWARTZ, C.J., and BARKDULL and DANIEL S. PEARSON, JJ.
PER CURIAM.
Lexington issued an all risks insurance policy to Central Cold Storage for its refrigeration *1015 warehouse and processing plant and the contents therein. The policy provided insurance coverage for "all risks of direct physical loss or damage to the insured property from any external cause occurring during the period of this policy." An ammonia leak occurred in the refrigeration system which resulted in Central Cold Storage incurring substantial damage to stored goods. Central made a claim which was disallowed based upon the fact that the incident was caused by internal causes and therefore not covered by the policy.
Central brought a declaratory and damage action against Lexington to which Lexington denied any liability. The record establishes that the leak was caused by the separation of a steel end-cap from a header pipe in part of the refrigeration system known as a refrigeration blower coil. The header and end-cap were located in a sealed refrigeration blower coil inside a steel shell which was inaccessible. These parts were non-wearing, non-accessible factory created parts built for a life time and had experienced no problems since the installation of the unit in 1969. After the leak occurred the engineer, for the insured, welded the end-cap back on the header, pressure tested the system for other leaks and then "resumed normal operation". The record also reveals that the system was functioning properly prior to the leak and nothing the company or any of its employees could have done could have caused this separation. We reverse.
The question of whether or not a particular insurance policy covers a certain risk is a question of law. We conclude under the language of the policy[1] that the proper construction of the insurance contract in the instant case is to extend coverage for the loss. It is conceded that the ammonia was external to the goods in storage which were damaged. See and compare; N-Ren Corporation v. American Home Assurance Company, 619 F.2d 784 (8th Cir.1980); Contractors Realty Company, Inc. v. Insurance Company of North America, 469 F. Supp. 1287 (S.D.N.Y. 1979). There is no claim for the damage to the compressor which would have been internal. Compare, Leonard Bros. Trucking Co., Inc. v. Fireman's Fund Insurance Co., 227 So.2d 312 (Fla. 3d DCA 1969); Greene v. Cheetham, 293 F.2d 933 (2d Cir.1961); Avis v. Hartford Fire Insurance Co., 283 N.C. 142, 195 S.E.2d 545 (1973).
Therefore the final summary judgment under review be and the same is hereby reversed with directions to enter a summary judgment finding liability on the policy and to consider further proceedings as to the amount of damage.
Reversed and remanded with directions.
NOTES
[1] The policy reads in part as follows:

"1. PERILS INSURED AGAINST: This policy insures against all risk of direct physical loss or damage to the insured property from any external cause occurring during the period of this policy except as hereinafter excluded."