502 So.2d 29 (1987)
TROPICANA CLUB, INC., a Florida Corporation Not for Profit, Appellant,
v.
JAMES H. TOPPING, INC., a Florida Corporation, and Southeast Bank, N.A., a Florida Corporation, Appellees.
No. 85-2763.
District Court of Appeal of Florida, Second District.
January 16, 1987.
Rehearings Denied February 17, 1987.
*30 Robert W. Weiss of Weiss & Rosenberg, Fort Myers, for appellant.
Daniel A. Gregory of Asbell, Hains, Doyle & Pickworth, Naples, for appellee James H. Topping, Inc.
Dwight A. Whigham of Bigelow and Winesett, Fort Myers, for appellee Southeast Bank.
DANAHY, Chief Judge.
Appellant Tropicana Club, Inc. (Tropicana) is a condominium association formed as a nonprofit corporation by appellee James H. Topping, Inc. (Topping) when Topping, the condominium developer, filed its declaration of condominium. Tropicana, plaintiff in the trial court, appeals from an adverse judgment in this quiet title suit. We affirm in part and reverse in part.
In the declaration of condominium Topping submitted properties described as lots 25, 26, 27, and 28 to condominium ownership in a development called The Tropicana Club. The declaration described the plan of development as being in two phases with Phase I to be constructed on lots 25 and 26. This phase was completed. Phase II was to be built on lots 27 and 28 and, "if completed," was to start by December 31, 1982, and be completed by December 31, 1983. If the developer elected not to complete Phase II, unit owners in Phase I were to own all of the common elements described in the declaration. Because of adverse economic conditions, Topping elected not to undertake the development of the condominiums in Phase II.
In December, 1984, Tropicana brought this suit to quiet title to lots 27 and 28, which were encumbered by a mortgage in favor of appellee Southeast Bank, N.A. The case was tried on Tropicana's theory that when Topping decided to forego development of Phase II, lots 27 and 28 were transformed into part of the common elements and title to those lots vested in the owners of the units actually constructed in Phase I.
At trial, the court examined the declaration of condominium and found inconsistencies among several of its provisions. To resolve the ambiguities created by those inconsistencies, the court admitted parol evidence to ascertain the intention of the parties and construe the meaning of the declaration. The court excluded the opinion testimony of Tropicana's witness offered as an expert. The expert was an attorney whose testimony was offered to advise the judge on the law applicable to this case. Tropicana argues that both actions by the court were erroneous.
At the conclusion of the trial, the court ruled that the declaration created a phase condominium as provided in section 718.403, Florida Statutes (1983), and that Topping retained title to lots 27 and 28, subject to the bank's mortgage, when it elected not to construct Phase II of the development. Accordingly, the court denied Tropicana the relief it sought.
We hold that the court's evidentiary rulings admitting the parol evidence and excluding the opinion testimony of the expert were correct. Further, we find that the court's conclusions are fully supported by the evidence and in accord with the law. *31 Therefore, but for a troublesome problem which came to our attention during oral argument, we would affirm the judgment in all respects.
Our examination of the exhibits revealed that part of the common elements of existing Phase I, specifically the pool, may be located partially on lot 27. The record before us and the arguments of counsel do not clarify this issue. Since the statute mandates that the common elements of phases actually developed remain 100% with the unit owners of those phases, the trial court's order quieting title to lots 27 and 28 in appellee Topping may sweep too broadly if, in fact, the pool is partially on lot 27. Therefore, we reverse in part and remand this case for the trial court to correct its order accordingly if that is necessary.
Affirmed in part and reversed in part with instructions.
CAMPBELL and LEHAN, JJ., concur.