511 So.2d 604 (1987)
STATE FARM FIRE AND CASUALTY COMPANY, Appellant,
v.
Ines DE LONDONO, Appellee.
No. 86-152.
District Court of Appeal of Florida, Third District.
June 9, 1987.
Rehearing Denied September 14, 1987.
*605 Walton, Lantaff, Schroeder & Carson and Lawrence D. Smith, Miami, for appellant.
Horton, Perse & Ginsberg and Edward Perse; Stone & Sostchin, Miami, for appellee.
Before DANIEL S. PEARSON, FERGUSON and JORGENSON, JJ.
FERGUSON, Judge.
A claim for personal property loss was brought under a homeowner's policy containing an exclusions clause which provided, "We do not cover [content] property regularly rented or held for rental to others... ." The facts show that the insured homeowner leased out the home and furnishings for one year on a one-time basis while out of the country on a business trip. During that period the furnishings were destroyed by fire. An issue arose as to whether the home was regularly rented. That question was submitted to the jury. The insurer brings this appeal from a judgment entered on a jury verdict for the insured contending that construction of the contract presented a question of law which the court should have decided in the insured's favor. We disagree.
Although the construction of a contract is ordinarily a matter of law, where the terms of a written instrument are disputed and are reasonably susceptible to more than one construction, an issue of fact is presented. Quayside Associates, Ltd. v. Harbour Club Villas Condominium Assoc., 419 So.2d 678 (Fla. 3d DCA 1982). The instant policy did not define "regularly rented"; the parties disagreed as to what the term meant; and the trial court was of the view, correctly, that the term was reasonably susceptible to more than one meaning. It was, thus, proper to submit the question to the jury to be decided as an issue of fact. Hoffman v. Terry, 397 So.2d 1184 (Fla. 3d DCA 1981).
Affirmed.
DANIEL S. PEARSON, J., concurs.
JORGENSON, Judge, dissenting.
I respectfully dissent. The crucial language of the policy, i.e., "property regularly rented or held for rental to others," is not amenable to multiple constructions. This language is not ambiguous. It is clear that pursuant to this language a oneyear rental of the subject property qualified as "property regularly rented or held for rental to others." The fact that an insurance policy requires analysis to comprehend its scope does not mean it is ambiguous. Hess v. Liberty Mut. Ins. Co., 458 So.2d 71 (Fla. 3d DCA 1984). There was no reason for the question of coverage to be presented to the jury. In the absence of ambiguity, the question was one of law for the trial court's resolution. See Central Cold Storage, Inc. v. Lexington Ins. Co., 452 So.2d 1014 (Fla. 3d DCA), rev. denied, 461 So.2d 115 (Fla. 1984).
The trial court erred in permitting the jury to pass on this question since State *606 Farm was entitled to judgment as a matter of law.
I would reverse.