583 So.2d 403 (1991)
ROYAL DEVELOPMENT AND MANAGEMENT CORPORATION, a Florida corporation, and Roy Lathan, individually, Appellant,
v.
GUARDIAN 50/50 FUND V, LTD., a Florida corporation, Appellee.
No. 90-01796.
District Court of Appeal of Florida, Third District.
July 30, 1991.
Rehearing Denied August 28, 1991.
*404 Zedeck & Kurlander, and Adam Kurlander, North Miami Beach, for appellant.
Lee, Schulte & Murphy, Rebecca Greer Tanner and Thomas J. Schulte, Miami, for appellee.
Before HUBBART, JORGENSON and GODERICH, JJ.
PER CURIAM.
The defendants, Royal Development and Management Corp. [Royal] and Roy Lathan [Lathan], appeal from the final judgment entered in favor of the plaintiff. We affirm.
The plaintiff, Guardian 50/50 Fund V, Ltd. [Guardian], entered into a contract signed by Lathan on behalf of Royal. Under the terms of the contract, Guardian would sell to Royal a parcel of 23 developed lots. The contract provided that the closing date would be set by the lender, North Carolina National Bank [NCNB]. The contract also stated, as part of a printed form provision, that time was of the essence. Further the contract provided that Guardian was to clear the lots of "construction debris" before the closing.
NCNB set the closing date for October 5, 1988. Guardian began removing construction debris on October 4, and the removal was not complete by the date of closing. Royal refused to close on the property and demanded the return of its deposit. Guardian filed suit, alleging breach of contract. The trial court entered a final judgment in favor of the Guardian. Royal and Lathan appealed.
Royal and Lathan first contend that the trial court erred as a matter of law *405 when the court found Lathan individually liable. Lathan contends that at the time he signed the contract in Royal's behalf, he had no knowledge that Royal had not yet incorporated, and that he should not be personally liable for Royal's debts.
Florida law provides that "[a]ll persons who assume to act as a corporation without authority to do so shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof." § 607.397, Fla. Stat. (1987).[1] The phrase "assume to act" has been interpreted to mean that the individual knew or should have known of the nonexistence of the corporation when he acted on the corporation's behalf. Harry Rich Corp. v. Feinberg, 518 So.2d 377, 380 (Fla. 3d DCA 1987).
In the case at bar, the record shows that Lathan knew that Royal was not incorporated at the time the contract was signed. Lathan himself signed the Articles of Incorporation three days after signing the contract in Royal's behalf.
In addition, Lathan was personally liable in acting as a promoter for Royal. A promoter is "one who undertakes to bring about the incorporation and organization of a corporation, procure for the corporation the rights and capital by which it is to carry out the purposes set forth in its charter, and establishes it as able to do business." Harry Rich Corp., 518 So.2d at 381. In his capacity as vice-president of Royal, and in signing the contract that forms the basis of this case, Lathan acted as a promoter for Royal. The promoter of a corporation is liable on his contract even though the contract was made on behalf of the corporation to be formed. Ratner v. Central National Bank of Miami, 414 So.2d 210, 212 (Fla. 3d DCA 1982), rev. denied, 424 So.2d 762 (Fla. 1982). Both because Lathan knew that Royal was not incorporated at the time the contract was signed and because he acted as a promoter for Royal, the trial court correctly found Lathan individually liable.
Royal and Lathan next contend that the trial court erred in failing to consider the "time is of the essence" provision of the contract. "A `time is of the essence' provision will be given effect provided it is shown to be clearly applicable to the contract requirement against which it is sought to be applied." Jackson v. Holmes, 307 So.2d 470, 472 (Fla. 2d DCA), cert. denied, 318 So.2d 404 (Fla. 1975). In the instant case, the "time is of the essence" provision is part of the printed form contract and is contained in the paragraph pertaining to the place of closing. However, Royal's reason for not closing on the date set was that the lots were not yet cleared of construction debris  a provision that appears in the Addendum to the contract. The "time is of the essence" provision in this contract is not shown to be clearly applicable to the clearing of construction debris. The trial court correctly considered that provision unimportant in this context.
The term "construction debris" leads to Royal and Lathan's third contention, that the trial court erred in admitting parol evidence to interpret that term. If language used in a contract creates an ambiguity, then parol evidence is admissible to explain the ambiguous term. Royal American Realty, Inc. v. Bank of Palm Beach and Trust Co., 215 So.2d 336, 338 (Fla. 4th DCA 1968). A phrase in a contract is ambiguous when it is uncertain of meaning and is disputed. Laufer v. Norma Fashions, Inc., 418 So.2d 437, 439 (Fla. 3d DCA 1982).
In the instant case, the parties disputed the meaning of the term "construction debris." The admission of evidence concerning negotiations leading to the contract was for the purpose of explaining the term by showing the types of material to be *406 cleared from the lots. The trial court correctly allowed that evidence.
For the foregoing reasons, we affirm the judgment of the trial court.
Affirmed.
NOTES
[1] § 607.397 was replaced by § 607.0204 on July 1, 1990. The generally accepted rule of construction is that absent an express legislative declaration to the contrary, a law is presumed to operate prospectively. Seaboard System Railroad, Inc. v. Clemente, 467 So.2d 348 (Fla. 3d DCA 1985). Inasmuch as § 607.0204 contains no such retroactive language, § 607.397 is applied here.