PER CURIAM.
This is a consolidated appeal by the plaintiffs H.R. McArthur and Salvatore E. Reina from adverse final summary judgments entered below in parallel actions for breach of contract. The trial court concluded that this was a terminable-at-will employment contract and that, consequently, the plaintiffs were not entitled, as claimed, to any damages for future salary compensation upon their termination without cause. We reverse and remand for further proceedings.
We cannot agree with the trial court that paragraph 7(c) of the employment con *312 tract sued upon authorizes a termination of the plaintiffs’ employment without cause. To the contrary, paragraph 6 of the contract authorizes the defendant employer A.A. Green and Company of Florida, Inc. to terminate the employment agreement only for cause, namely, the plaintiffs’ (a) habitual neglect of their employment duties, (b) dishonesty or illegal conduct, (c) material breach of any of their obligations pursuant to the agreement, (d) death, or (e) violation of the noncompete provisions of the agreement. Moreover, paragraph 20(b) of the agreement authorizes arbitration in the event the plaintiffs’ employment is terminated by the defendant employer for the stated reasons of habitual neglect, dishonesty or illegal conduct; thus, review of the defendant employer’s termination of the employment agreement for these reasons is expressly provided for at the request of the plaintiffs.
Paragraph 7(c) of the agreement, in turn, provides that
“[i]f the [e]mployer terminates this [a]greement for any reason other than the reasons listed in paragraph 6 above, or the [ejmployee terminates this [ajgreement, or this [ajgreement is terminated pursuant to subparagraphs 6(a)-6(c) [termination based on plaintiffs habitual neglect of employment duties, dishonesty or illegal conduct, or a material breach of any of plaintiffs’ obligations under this agreement], then the [ejmployer shall pay to the [ejm-ployee [salary through termination and certain noncompete compensation], but no further compensation of any kind shall be payable hereunder.”
(emphasis added).
We construe the term “reason” in the emphasized portion of this paragraph to mean a reason based on cause, albeit a cause not listed in paragraph 6 — not, as the trial court concluded, to mean a reason having nothing to do with cause at all.
We reach this result because any other construction renders paragraphs 6 and 20(b) of the agreement entirely meaningless as a practical matter. If, as the trial court concluded, the defendant employer could terminate the agreement and dismiss the plaintiffs based on no cause whatever and still not be liable to the plaintiffs for any further salary compensation other than through the date of termination, such a no-cause termination would be resorted to in all cases. There would be no financial incentive whatever for the defendant employer to terminate the plaintiffs’ employment for any of the stated causes provided in paragraph 6 because such a termination could later be adjudged wrongful in arbitration proceedings, as provided in paragraph 20(b), or in a breach of contract action in court, resulting in a possible damage award to the plaintiffs for future salary compensation under the agreement. A termination without cause, on the other hand, would absolutely guarantee that no such future damages could ever be obtained and obviously would be resorted to by the defendant employer in all cases, thereby rendering paragraphs 6 and 20(b) of the agreement entirely superfluous. Stated differently, paragraphs 6 and 20(b) of the contract militate against construing the instant agreement as an employment contract terminable at will, else these paragraphs become virtual dead letters. Clearly, we are constrained by law to construe a contract as a whole so as to give effect, as here, to all provisions of the agreement if it can be reasonably done. Paddock v. Bay Concrete Indus., Inc., 154 So.2d 313, 315-16 (Fla. 2d DCA 1963); see American Medical Int’l, Inc. v. Scheller, 462 So.2d 1, 7-8 (Fla. 4th DCA 1984), rev. denied, 471 So.2d 44 (Fla.), cert. denied, 474 U.S. 947, 106 S.Ct. 345, 88 L.Ed.2d 292 (1985); see also Insurance Co. of N. Am. v. Stevens, 425 F.2d 704, 705 (5th Cir.1970).
The final summary judgment under review is therefore reversed and the cause is remanded to the trial court for further proceedings.
Reversed and remanded.