GUNTHER, Chief Judge.
Appellant, James Lambert, appeals from the trial court’s award of damages in his breach of contract case against Appellee, Berkley South Condominium Association (“the Association”), claiming that the damage award was insufficient. The Association cross-appeals the trial court’s interpretation of key condominium documents. We affirm as to all issues, except one on cross-appeal.
Lambert owned several commercial units in Berkley South condominium. Berkley South houses twenty-eight first-floor commercial units, which are separated by a hallway. In the original documents governing Berkley South, the hallway was designated as a private commercial unit with all mainte *590 nance costs borne by the commercial unit owners. The trial court specifically found that the governing documents were ambiguous regarding ownership of the hallway. The trial court also found that the parties had intended the hallway to be a common element, and therefore the Association should assume the hallway’s maintenance responsibilities.
The pertinent issue on cross-appeal is the ownership and maintenance responsibility for this first-floor hallway. The Association argues that because the required approval of all record unit owners to change the hallway’s classification was neither sought nor obtained, the hallway could not be considered a common element. Conversely, Lambert contends that because the governing documents were ambiguous, the trial court properly considered the parties’ intent in determining that the hallway was converted to a common element. We reject the trial court’s finding of ambiguity and hold that the trial court improperly considered parol evidence in determining that the hallway had been converted to a common element.
In reviewing a document, a court must consider the document as a whole, rather than attempting to isolate certain portions of it. See U.S.B. Acquisition Co. v. Stamm, 660 So.2d 1075 (Fla. 4th DCA 1995), rev. denied, 670 So.2d 941 (Fla.1996); Royal Oak Landing Homeowner’s Ass’n v. Pelletier, 620 So.2d 786 (Fla. 4th DCA), rev. denied, 630 So.2d 1101 (Fla.1993); J.C. Penney Co. v. Koff, 345 So.2d 732 (Fla. 4th DCA 1977). A court must look first to the plain language of a document and consider parol evidence only when the document is ambiguous on its face. E.g., Everglade Lumber Co. v. Nettleton Lumber Co., 111 Fla. 333,149 So. 736 (1933); Kraft v. Mason, 668 So.2d 679 (Fla. 4th DCA 1996); Gorman v. Kelly, 658 So.2d 1049 (Fla. 4th DCA 1995); Royal Continental Hotels, Inc. v. Broward Vending, Inc., 404 So.2d 782 (Fla. 4th DCA 1981).
Whether a document is ambiguous depends upon whether it is reasonably susceptible to more than one interpretation. State Farm Fire & Casualty Co. v. De Londono, 511 So.2d 604 (Fla. 3d DCA), rev. dismissed, 519 So.2d 988 (Fla.1987). However, a true ambiguity does not exist merely because a document can possibly be interpreted in more than one manner. American Medical Int’l, Inc. v. Scheller, 462 So.2d 1 (Fla. 4th DCA 1984), rev. denied, 471 So.2d 44 (Fla.), and cert. denied, 474 U.S. 947, 106 S.Ct. 345, 88 L.Ed.2d 292 (1985). Further, when a document’s language is clear, a court cannot indulge in construction or interpretation of its plain meaning. BMW of N. Am., Inc. v. Krathen, 471 So.2d 585 (Fla. 4th DCA 1985), rev. denied, 484 So.2d 7 (Fla.1986).
Here, considering the governing condominium documents as a whole, it becomes clear that the hallway was always considered, and in fact remains, within the collective ownership of the commercial unit owners. All commercial units were numbered consecutively preceded with the letter “C,” which referred to “commercial unit.” The hallway was similarly numbered as “C-Í5,” with “45” referring to its designation as the last numbered commercial unit. Additionally, the governing documents affirmatively state that the commercial unit owners shall own the hallway as tenants in common. The exhibits incorporated by reference into the governing documents also indicate that the hallway is a privately owned commercial unit. Further, subsequent amendments to the governing documents repeatedly state that the hallway “is owned in common by each of the Commercial Condominium Unit Owners.” Simply, examination limited to the four corners of all documents governing the condominium reveals no ambiguity, as it cannot reasonably be concluded that these documents categorize the hallway as a common element. See De Londono, 511 So.2d at 604; Scheller, 462 So.2d at 6.
It appears from the trial court’s order that it found the documents to be “ambiguous” only after it had considered extrinsic evidence because largely, the inconsistencies it notes are inconsistencies between the documents and the extrinsic evidence. This method of construction, however, is impermissible. If the documents, within their four comers, are facially clear, a court must give full force to the plain and clear language of the governing documents and not turn to *591 parol evidence to interpret the language. See Shuster v. South Broward Hosp. Dist. Physicians’ Professional Liab. Ins. Trust, 570 So.2d 1362 (Fla. 4th DCA 1990), approved, 591 So.2d 174 (Fla.1992); Krathen, 471 So.2d at 587.
Moreover, contrary to the trial court’s findings, while a subsequent amendment may have failed to make any reference to the hallway, nothing expressly or affirmatively states that the hallway was effectively converted to a common element. Accord Dickerson Florida, Inc. v. McPeek, 651 So.2d 186 (Fla. 4th DCA 1995); Shuster, 570 So.2d at 1368; Krathen, 471 So.2d at 587. Although the Association admits to attempting to amend the documents governing Berkley South, its attempt was unsuccessful and ineffective because all record unit owners failed to approve the amendment as required by section 718.110(4), Florida Statutes (1995). Because any effort to amend the documents was ineffective under section 718.110(4), the trial court’s finding that the hallway was effectively eliminated as a private unit and converted to a common element cannot be recognized. Therefore, the trial court’s finding in this regard is clearly erroneous and must be reversed. See Young v. Ciega Verde Condo. Ass’n, 600 So.2d 528 (Fla. 2d DCA 1992).
Therefore, we reverse the trial court’s order with respect to the ownership and maintenance of the hallway. As such, the hallway continues to be collectively owned by the commercial unit owners, who remain responsible for maintenance and related costs. Finding the balance of issues on appeal and cross-appeal to be without merit, we affirm the trial court’s order in all other respects.
AFFIRMED IN PART; REVERSED IN PART.
STONE and SHAHOOD, JJ., concur.