685 So.2d 870 (1996)
LAND O'SUN REALTY LTD., Alan S. Fogg, Jr., Individually and as General Partner of Land O'Sun Realty, Ltd., Steven M. Fogg, Individually and as General partner of Land O'Sun Realty, Ltd., Suzanne Fogg Rentz, as General Partner of Land O'Sun Realty, Ltd., C'Store Realty, Ltd., C'Store Management Corporation, as General Partner of C'Store Realty, Ltd., Richard D. Rentz, Individually and F.S. Disposition, Inc., f/k/a Farm Stores, Inc., Lennar Florida Partners I, L.P. and Lennar Florida Land V Q.A., Ltd., Appellants,
v.
REWJB GAS INVESTMENTS, a Florida General Partnership; FS Convenience Stores, Inc., a Florida Corporation, as General Partner of REWJB Gas Investments and Toni Gas and Food Stores, Inc., a Florida Corporation, as General Partner of REWJB Gas Investments, Appellees.
Nos. 95-3539, 95-3404.
District Court of Appeal of Florida, Third District.
October 30, 1996.
Rehearing Denied January 29, 1997.
*871 Carlson & Bales and Curtis Carlson, Miami, Julie A. Moxley, and Ronald J. Lewittes, Boca Raton; Rubin, Baum, Levin, Constant, Friedman & Bilzin and Larry A. Stumpf and David W. Trench and Mindy L. Pallot, Miami, for appellants.
Tew & Beasley and Humberto H. Ocariz and Joseph A. DeMaria, Miami, for appellees.
Before SCHWARTZ, C.J., and JORGENSON and GODERICH, JJ.
SCHWARTZ, Chief Judge.
The parties' lease agreement provided:
3. The term of [each of] the [twenty two] Leases is amended so that ... the initial and all renewal terms will aggregate to 27 years from the date of this Amendment.
4. Notwithstanding any conflicting or inconsistent provisions of the Leases or this Agreement, including specifically paragraph 3 hereof, the term of each of the Leases and all renewal terms shall automatically terminate at the date that is eighteen months after the date of this Amendment.
On this appeal, the landlords challenge a declaratory judgment based on a jury verdict that the term of the leases in question was 27 years as provided in paragraph 3. They contend that the eighteen month term provided in paragraph 4 controls as a matter of law. We disagree and affirm.
It is apparent that paragraphs 3 (27 year term) and 4 (no-more-than-18 month term) are in irreconcilable conflict, or, as the law pompously says, "mutually repugnant." See Dune I, Inc. v. Palms N. Owners Assoc., 605 So.2d 903, 905 (Fla. 1st DCA 1992); Crown Management Corp. v. Goodman, 452 So.2d 49, 52 (Fla. 2d DCA 1984); Saco Dev., Inc. v. Joseph Bucheck Constr. Corp., 373 So.2d 419, 421 (Fla. 1st DCA 1979). Moreover, contrary to the appellants' primary position that the "notwithstanding" language in paragraph 4 conclusively resolves the conflict in favor of the eighteen month term which follows, the term simply does not have that logical, semantic,[1] or legal effect. Derosa v. Shiah, 205 Ga.App. 106, 108, 421 S.E.2d 718, 721 (1992)(provision that a contract term shall apply "notwithstanding" directly conflicting one does not resolve contradiction); see Quiring v. Plackard, 412 So.2d 415, 417 (Fla. 3d DCA 1982)("notwithstanding" clause effective to narrow broad or ambiguous preceding provision). Acceptance of the appellants' claim that everything after "notwithstanding" negates everything before would unacceptably render the preceding language completely superfluous, contrary to the rule *872 of construction and of common sense that every provision is deemed to serve some useful purpose. See H.R. McArthur v. A.A. Green & Co., 637 So.2d 311, 312 (Fla. 3d DCA 1994); Hillsborough County Aviation Auth. v. Cone Bros. Contracting Co., 285 So.2d 619, 621 (Fla. 2d DCA 1973); Royal Am. Realty, Inc. v. Bank of Palm Beach & Trust Co., 215 So.2d 336, 338 (Fla. 4th DCA 1968). The internal conflict, a paradigmatic "ambiguity," which thus remains is resolvableand the obvious question of why people would say two directly contrary things in the same breath is answerableonly by evidence beyond the words themselves that the parties intended each of the two terms to operate in particular, but different, circumstances. See Barclays Am. Mortgage Corp. v. Bank of Cent. Fla., 629 So.2d 978 (Fla. 5th DCA 1993); Grand Bay Hotel v. Guerra, 605 So.2d 134 (Fla. 1st DCA 1992); State Farm Fire and Casualty Co. v. DeLondono, 511 So.2d 604 (Fla. 3d DCA 1987), review dismissed, 519 So.2d 988 (Fla.1987).
Accordingly, the trial court's admission of extensive "parol" evidence as to the purposes paragraphs 3 and 4 were respectively meant to serve was, despite the appellants' protests, entirely correct. Royal Dev. & Management Corp. v. Guardian 50/50 Fund V, Ltd., 583 So.2d 403 (Fla. 3d DCA 1991); Coscan Fla., Inc. v. Equiventure Fla., 567 So.2d 17 (Fla. 3d DCA 1990), review denied, 577 So.2d 1325 (Fla.1991); Tropicana Club, Inc. v. James H. Topping, Inc., 502 So.2d 29 (Fla. 2d DCA 1987); First State Ins. Co. v. General Elec. Credit Auto Lease, Inc., 518 So.2d 927 (Fla. 3d DCA 1987); Royal Continental Hotels, Inc. v. Broward Vending, Inc., 404 So.2d 782 (Fla. 4th DCA 1981). The evidence on that issue was completely contradictory. Apart from their principal's testimony that paragraph 3 was simply redundant, but see H.R. McArthur, 637 So.2d at 312, the landlords-appellants claimed that paragraph 4 controlled and that paragraph 3 would have kicked in only if they succeeded in renegotiating an outstanding defaulted mortgage, which they did not. On the other hand, the tenants' evidence was that paragraph 3 was the operative one and that paragraph 4 was inserted only for the landlords' use as leverage in their attempts to secure relief from the mortgage,[2] and would apply only if both parties later agreed to the 18 month term, which the tenants did not. Our system entrusts the resolution of factual conflicts of this kind, including those involving the terms and operation of written contracts, to the jury.[3] See Myrick v. Saint Catherine Laboure Manor, Inc., 529 So.2d 369 (Fla. 1st DCA 1988); DeLondono, 511 So.2d at 605; Neumann v. Brigman, 475 So.2d 1247 (Fla. 2d DCA 1985); Hoffman v. Terry, 397 So.2d 1184 (Fla. 3d DCA 1981); Florida Shade Tobacco Growers, Inc. v. Jno. H. Swisher & Son, Inc., 369 So.2d 657 (Fla. 1st DCA 1979). Since its acceptance of the appellees' position was based on ample evidence to that effect, its decision must stand. Espino v. Anez, 665 So.2d 1080 (Fla. 3d DCA 1995); Raheb v. DiBattisto, 483 So.2d 475 (Fla. 3d DCA 1986).[4]
Affirmed.
GODERICH, J., concurs.
JORGENSON, Judge, dissenting.
Because in my view the trial court erred in admitting parol evidence as to the parties' agreement, I respectfully dissent.
*873 Paragraph four of the five-paragraph amendment to the lease agreement is clear on its face:

Notwithstanding any conflicting or inconsistent provisions of the Leases or this Agreement, including specifically paragraph 3 hereof, the term of each of the Leases and all renewal terms shall automatically terminate at the date that is eighteen months after the date of this Amendment. (Emphasis added.)
The court maintains that paragraphs three and four are in "irreconcilable conflict." However, any conflict is resolved through the concise wording of paragraph four. The parties expressly used the word "notwithstanding" when drafting their amendment.[5] As the court properly notes, the meaning of "notwithstanding" incorporates such concepts as "in spite of," "regardless of hindrance by," "nevertheless," "in spite of the fact that," and "although."[6] Cases that specifically define "notwithstanding" are in agreement. Wilshire Ins. Co. v. Home Ins. Co., 179 Ariz. 602, 604, 880 P.2d 1148, 1150 (1994) (citing the American Heritage Dictionary [1991] and noting that "`Notwithstanding' means `[i]n spite of.'"); Helling v. Webster Parish Police Jury, 523 So.2d 904, 908 (La.Ct.App.) (using Webster's Ninth New Collegiate Dictionary [1984] and defining the use of "notwithstanding" within a statute as "despite"), appeal denied, 525 So.2d 534 (1988); State ex rel. PIA Psychiatric Hosps., Inc. v. Ohio Certificate of Need Review Bd., 60 Ohio St.3d 11, 17, 573 N.E.2d 14, 20 (1991) (citing to State ex rel. Carmean v. Hardin County Bd. of Educ., 170 Ohio St. 415, 422, 165 N.E.2d 918, 923 (1960), which defined "notwithstanding" as "without prevention or obstruction from or by; in spite of"); Pate v. Marathon Steel Co., 777 P.2d 428, 431 (Utah 1989) (noting that "[a]ctually, the word `notwithstanding' means `in spite of'").
In Quiring v. Plackard, 412 So.2d 415 (Fla. 3d DCA 1982), this court affirmed the exclusion of extrinsic evidence regarding an acceleration clause and a discount clause within a mortgage, finding no ambiguity. Quiring, 412 So.2d at 417. We held:
Paragraph eleven of the mortgage, which specifically provides that the acceleration clause controls "anything in said promissory note or herein to the contrary notwithstanding," resolves any conflict between the two provisions and manifests the predominance of the acceleration clause over the discount clause. Accordingly, use of parol evidence to explain or vary the terms of the mortgage was prohibited....
Quiring, 412 So.2d at 417 (emphasis added).[7]
The court's reliance on Derosa v. Shiah, 205 Ga.App. 106, 108, 421 S.E.2d 718, 721 (1992), is misplaced. Derosa involved two employment agreements incorporated into a lease agreement, with three provisions of the lease agreement being in conflict with one "notwithstanding" provision of the lease. Here we have paragraph three juxtaposed with paragraph four and no conflict. These two provisions were inserted at the same time, and this brief document knowingly signed by experienced, capable parties. We would do better to adhere to our own controlling precedent rather than grounding our decision on another jurisdiction's highly distinguishable case.
*874 While the court reminds us of "the rule of construction and of common sense that every provision is deemed to serve some useful purpose," its affirmance, through the trial court's use of parol evidence, results in paragraph four being entirely discarded. Without resorting to parol evidence, all paragraphs can be given full effect by reading them together, as written, with the specific wording selected by the parties"Notwithstanding any conflicting or inconsistent provisions" and "including specifically paragraph 3 thereof."
All of the parties involved in this transaction were knowledgeable and sophisticated when it came to drafting real estate leases. This agreement incorporated twenty-two complex commercial leases. Intense negotiations between corporations and partnerships were involved; all parties were represented by counsel. This was not an adhesion contract signed by naive players under duress. Both paragraphs were there for purposes that served all parties at the time. The wording of paragraph four is articulate, concise, and unambiguous as to what is intended. Paragraph four clearly and expressly incorporates paragraph three, and we should honor the intent of the parties and their freedom to contract.
I would reverse and remand with instructions to the trial court to enter judgment for the appellants.
NOTES
[1] The American Heritage Dictionary (William Morris ed., New College ed.1979) defines the word as follows:

notwithstanding (not with-stan ding, not with-)prep. In spite of; regardless of hindrance by: He left notwithstanding his father's opposition.adv. All the same; nevertheless: We proceeded, notwithstanding,conj. In spite of the fact that; although.
[2] The theory was that, faced with the prospect that there might be no tenant after eighteen months, the mortgagees, whose representative described the clause as a "gun to [their] head," would be more likely to accede to the landlords' demands. In the event, the plan did not succeed.
[3] Contract interpretation is for the court as a matter of law, rather than the trier of fact, only when the agreement is totally unambiguous, or when any ambiguity may be resolved by applying the rules of construction to situations in which the parol evidence of the parties' intentions is undisputed or non-existent. See Lambert v. Berkley South Condominium Assoc., 680 So.2d 588 (Fla. 4th DCA 1996); Time Ins. Co. v. Neumann, 634 So.2d 726 (Fla. 4th DCA 1994); Shuster v. South Broward Hosp. Dist. Physicians' Professional Liab. Ins. Trust, 570 So.2d 1362 (Fla. 4th DCA 1990), approved, 591 So.2d 174 (Fla.1992); BMW of N. Am., Inc. v. Krathen, 471 So.2d 585 (Fla. 4th DCA 1985), review denied, 484 So.2d 7 (Fla.1986); Child v. Child, 474 So.2d 299 (Fla. 3d DCA 1985), review denied, 484 So.2d 7 (1986). None of these circumstances obtain here, in which the testimony was just as hopelessly in conflict as the written agreement.
[4] The appellants' other claims of error are without merit.
[5] The parties could have used the ungainly "notwithstanding anything to the contrary contained herein," which is described as a legal phrase inserted in complex contracts in order to introduce the most important provisions. According to one source, it "can be fairly said to mean `the true agreement is as follows.'" Bryan A. Garner, A Dictionary of Modern Legal Usage 380 (1987).
[6] Additional words and phrases can be found in other dictionaries. For example, an unabridged edition adds "without prevention or obstruction from or by," "however," and "yet." Webster's Third New International Dictionary of the English Language, Unabridged 1545 (1986).
[7] The Second and Fourth District Courts of Appeal also agree with our reasoning in Quiring. KRC Enterprises, Inc. v. Soderquist, 553 So.2d 760, 761 (Fla. 2d DCA 1989) (emphasizing the specific language "anything in said promissory note or herein to the contrary notwithstanding" as prevailing); Grier v. M.H.C. Realty Corp., 274 So.2d 21 (Fla. 4th DCA 1973) (finding a provision of a mortgage controlling over a provision of a simultaneously executed note because of the clarity of the mortgage provision, which specifically provided "anything in said note or herein to the contrary notwithstanding").