SCHWARTZ, Chief Judge.
The parties’ lease agreement provided:
3. The term of [each of] the [twenty two] Leases is amended so that ... the initial and all renewal terms will aggregate to 27 years from the date of this Amendment.
4. Notwithstanding any conflicting or inconsistent provisions of the Leases or this Agreement, including specifically paragraph 3 hereof, the term of each of the Leases and all renewal terms shall automatically terminate at the date that is eighteen months after the date of this Amendment.
On this appeal, the landlords challenge a declaratory judgment based on a jury verdict that the term of the leases in question was 27 years as provided in paragraph 3. They contend that the eighteen month term provided in paragraph 4 controls as a matter of law. We disagree and affirm.
It is apparent that paragraphs 3 (27 year term) and 4 (no-more-than-18 month term) are in irreconcilable conflict, or, as the law pompously says, “mutually repugnant.” See Dune I, Inc. v. Palms N. Owners Assoc., 605 So.2d 903, 905 (Fla. 1st DCA 1992); Crown Management Corp. v. Goodman, 452 So.2d 49, 52 (Fla. 2d DCA 1984); Saco Dev., Inc. v. Joseph Bucheck Constr. Corp., 373 So.2d 419, 421 (Fla. 1st DCA 1979). Moreover, contrary to the appellants’ primary position that the “notwithstanding” language in paragraph 4 conclusively resolves the conflict in favor of the eighteen month term which follows, the term simply does not have that logical, semantic,[1] or legal effect. Derosa v. Shiah, 205 Ga.App. 106, 108, 421 S.E.2d 718, 721 (1992)(provision that a contract term shall apply “notwithstanding” directly conflicting one -does not resolve contradiction); see Quiring v. Plackard, 412 So.2d 415, 417 (Fla. 3d DCA 1982)(“notwithstanding” clause effective to narrow broad or ambiguous preceding provision). Acceptance of the appellants’ claim that everything after “notwithstanding” negates everything before would unacceptably render the preceding language completely superfluous, contrary to the rule *872 of construction and of common sense that every provision is deemed to serve some useful purpose. See H.R. McArthur v. A.A. Green & Co., 637 So.2d 311, 312 (Fla. 3d DCA 1994); Hillsborough County Aviation Auth. v. Cone Bros. Contracting Co., 285 So.2d 619, 621 (Fla. 2d DCA 1973); Royal Am. Realty, Inc. v. Bank of Palm Beach & Trust Co., 215 So.2d 336, 338 (Fla. 4th DCA 1968). The internal conflict, a paradigmatic “ambiguity,” which thus remains is resolvable — and the obvious question of why people would say two directly contrary things in the same breath is answerable' — only by evidence beyond the words themselves that the parties intended each of the two terms to operate in particular, but different, circumstances. See Barclays Am. Mortgage Corp. v. Bank of Cent. Fla., 629 So.2d 978 (Fla. 5th DCA 1993); Grand Bay Hotel v. Guerra, 605 So.2d 134 (Fla. 1st DCA 1992); State Farm Fire and Casualty Co. v. DeLondono, 511 So.2d 604 (Fla. 3d DCA 1987), review dismissed, 519 So.2d 988 (Fla.1987).
Accordingly, the trial court’s admission of extensive “parol” evidence as to the purposes paragraphs 3 and 4 were respectively meant to serve was, despite the appellants’ protests, entirely correct. Royal Dev. & Management Corp. v. Guardian 50/50 Fund V, Ltd., 583 So.2d 403 (Fla. 3d DCA 1991); Coscan Fla., Inc. v. Equiventure Fla., 567 So.2d 17 (Fla. 3d DCA 1990), review denied, 577 So.2d 1325 (Fla.1991); Tropicana Club, Inc. v. James H. Topping, Inc., 502 So.2d 29 (Fla. 2d DCA 1987); First State Ins. Co. v. General Elec. Credit Auto Lease, Inc., 518 So.2d 927 (Fla. 3d DCA 1987); Royal Continental Hotels, Inc. v. Broward Vending, Inc., 404 So.2d 782 (Fla. 4th DCA 1981). The evidence on that issue was completely contradictory. Apart from their principal’s testimony that paragraph 3 was simply redundant, but see H.R. McArthur, 637 So.2d at 312, the landlords-appellants claimed that paragraph 4 controlled and that paragraph 3 would have kicked in only if they succeeded in renegotiating an outstanding defaulted mortgage, which they did not. On the other hand, the tenants’ evidence was that paragraph 3 was the operative one and that paragraph 4 was inserted only for the landlords’ use as leverage in their attempts to secure relief from the mortgage,[2] and would apply only if both parties later agreed to the 18 month term, which the tenants did not. Our system entrusts the resolution of factual conflicts of this kind, including those involving the terms and operation of written contracts, to the jury.[3] See Myrick v. Saint Catherine Laboure Manor, Inc., 529 So.2d 369 (Fla. 1st DCA 1988); DeLondono, 511 So.2d at 605; Neumann v. Brigman, 475 So.2d 1247 (Fla. 2d DCA 1985); Hoffman v. Terry, 397 So.2d 1184 (Fla. 3d DCA 1981); Florida Shade Tobacco Growers, Inc. v. Jno. H. Swisher & Son, Inc., 369 So.2d 657 (Fla. 1st DCA 1979). Since its acceptance of the appellees’ position was based on ample evidence to that effect, its decision must stand. Espino v. Anez, 665 So.2d 1080 (Fla. 3d DCA 1995); Raheb v. DiBattisto, 483 So.2d 475 (Fla. 3d DCA 1986).[4]
Affirmed.
GODERICH, J., concurs.

. The American Heritage Dictionary (William Morris cd., New College ed.1979) defines the word as follows:
notwithstanding (not with-stan ding,- not with-)prcp. In spite of; regardless of hindrance by: He left notwithstanding his father’s opposition. — adv. All the same; nevertheless: We proceeded, notwithstanding, — conj. In spite of the fact that; although.

. The theory was that, faced with the prospect that there might be no tenant after eighteen months, the mortgagees, whose representative described the clause as a "gun to [their] head,” would be more likely to accede to the landlords’ demands. In the event, the plan did not succeed.

. Contract interpretation is for the court as a matter of law, rather than the trier of fact, only when the agreement is totally unambiguous, or when any ambiguity may be resolved by applying the rules of construction to situations in which the parol evidence of the parties' intentions is undisputed or non-existent. See Lambert v. Berkley South Condominium Assoc., 680 So.2d 588 (Fla. 4th DCA 1996); Time Ins. Co. v. Neumann, 634 So.2d 726 (Fla. 4th DCA 1994); Shuster v. South Broward Hosp. Dist. Physicians' Professional Liab. Ins. Trust, 570 So.2d 1362 (Fla. 4th DCA 1990), approved, 591 So.2d 174 (Fla.1992); BMW of N. Am., Inc. v. Krathen, 471 So.2d 585 (Fla. 4th DCA 1985), review denied, 484 So.2d 7 (Fla. 1986); Child v. Child, 474 So.2d 299 (Fla. 3d DCA 1985), review denied, 484 So.2d 7 (1986). None of these circumstances obtain here, in which the testimony was just as hopelessly in conflict as the written agreement.

.The appellants’ other claims of error are without merit.