SHEPHERD, J.
This is an appeal from a non-final order of the circuit court finding a portion of the parties’ marital settlement agreement to be ambiguous and ordering the division of real property. We have jurisdiction. Art. 5, § 4(b)(1), Fla. Const.; Fla. R.App. P. 9.130(3)(C)(ii). We affirm in part, reverse in part, and remand.
Donald Michael Bitz (the former husband) and Jean Seipp Bitz (the former wife) were married for nineteen years. During them marriage, the couple acquired a total of 7.98 acres of contiguous land in South Miami. The property was purchased over several years in approximately one-acre increments. The former wife filed for dissolution in February 2003, and on October 10, 2003, the parties signed a comprehensive marital settlement agreement which included a division of real property. The division of property is *509 found in paragraph 8, which states in pertinent part:
8 ... (a) The Wife will receive by Special Warranty Deed the real property consisting of the approximately Northern five acres of the marital property commonly known as [address omitted], Miami-Dade County, Florida.... It is understood that the five acres is a part of a total of approximately eight acres of land, situated at the marital residence address. The Wife agrees to pay for the cost of the construction of a 6 to 8 foot high from ground level (as measured every three feet) wall constructed of concrete block and stucco, which will separate the five acres to be received by the Wife, (the “five acre parcel”) from the three acres which is going to be retained and received by the Husband (the “three acre parcel”). The wall shall be constructed on the five acre parcel of land being deeded to the Wife and may abut up against the property line of the three acre parcel.
(Emphasis added).
The phrases “five acre parcel” and “three acre parcel” are used throughout the remaining portions of paragraph 8 of the agreement. The agreement is silent regarding a precise definition of the “three acre parcel” or the “five acre parcel.”
On January 14, 2004, the former wife filed her “Urgent Motion to Enforce Marital Settlement Agreement and Final Judgment of Dissolution of Marriage” because the former husband was allegedly interfering with her ability to construct the dividing wall as specified in the agreement. On March 24, 2004, the circuit court held a hearing on the motion which, in a commendable effort to efficiently resolve the dispute, evolved into a case management conference.
At the status conference, both parties conceded that a threshold issue concerning the division of the property was whether paragraph 8 is ambiguous, and agreed to have this question resolved by the court. See also Centennial Mortgage, Inc. v. SG/SC, Ltd., 772 So.2d 564, 565 (Fla. 1st DCA 2000) (“[T]he existence of ambiguity in a contract is a question of law.”). The circuit court concluded that paragraph 8 is ambiguous with respect to how many acres of land each party is to receive under the agreement. We agree. See generally Montealegre v. Banco De Credito Centro-Americano, S.A., 895 So.2d 1097 (Fla. 3d DCA 2004).
The settlement agreement, on its face, contemplates the distribution of “approximately eight acres” of land where in fact there is only 7.98 acres of land. Accordingly, it is impossible for the former husband to receive the full three acres to which he believes he is entitled and for the former wife to receive the full five acres to which she believes she is entitled. Looking beyond the four corners of the agreement and in light of there actually being only 7.98 acres of land, either the former wife can receive five full acres, with the former husband receiving the remaining 2.98 acres, or, the former husband can receive three full acres, with the former wife receiving the remaining 4.98 acres. Obviously, the former wife prefers the former and the former husband prefers the latter. At least one of the parties will go unsatisfied.
As the circuit court duly noted, the language used in the settlement agreement to describe the property is not at all clear. Rather than provide a specific legal description of the property to be conveyed, either by describing metes and bounds, lots and blocks with a plat book and page, or some other precise manner, the agreement uses nebulous phrases such as “approximately Northern five acres,” “approx *510 imately eight acres,” and “retained three acres.” Given the language used in the settlement agreement, we disagree with the former husband that the agreement is unambiguous and should be read to give him three full acres. Accordingly, we affirm that portion of the circuit court’s order finding the agreement to be ambiguous. Miller v. Ease, 789 So.2d 1095, 1097-98 (Fla. 4th DCA 2001) (a contract is ambiguous when its language is susceptible to two different interpretations each of which is reasonably inferred from the terms of the contract); State Farm Fire & Cas. Co. v. De Londono, 511 So.2d 604 (Fla. 3d DCA 1987), rev. dismissed, 519 So.2d 988 (Fla.1987) (same).
However, in the order on appeal — • entered four months after the status conference as a result of the parties’ delay in submitting briefs to the court — the circuit court exceeded its charge as agreed upon by the parties at the status conference, and issued an order dividing the property based upon land surveys submitted by the parties and by examining previous land transactions that had been submitted for the sole purpose of resolving the question of ambiguity of. the marital settlement agreement. The former husband and the former wife agree that the circuit court erred by not holding an evidentiary hearing to resolve the ambiguity. We concur. See State Farm, 511 So.2d at 604 (“where the terms of a written instrument are disputed and are reasonably susceptible to more than one construction, an issue of fact is presented”); see also Hinton v. Gold, 813 So.2d 1057, 1060 (Fla. 4th DCA 2002) noting that (“[fundamental to the concept of due process is the right to be heard which assures a full hearing, the right to introduce evidence at a meaningful time and in a meaningful manner, and judicial findings based upon that evidence”). Because it was not done pursuant to an evidentiary hearing, we vacate that portion of the circuit court’s order determining how the marital property is to be divided and remand for an evidentiary hearing.
Finally, the circuit court ordered the exchange of deeds in accordance with its distribution of the marital property. The settlement agreement contemplates the exchange of deeds following the completion and governmental approval of the separating wall, and the former wife did not ask for that portion of the settlement agreement to be altered in her motion. Accordingly, we vacate that portion of the circuit court’s order which specifies the exchange of deeds.
Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.