829 P.2d 1227

**Yulanda HEARTFIELD,
Plaintiff/Appellant,**

v.

**TRANSIT MANAGEMENT OF
TUCSON, INC., dba Sun Tran;
Defendant/Appellee.**

No. 2 CA–CV 91–0125.

Court of Appeals of Arizona,
Division 2, Department B.

Dec. 17, 1991.

Reconsideration Denied Jan. 15, 1992.

Review Denied June 2, 1992.

F. Joseph Walsh, Tucson, for plaintiff/appellant.

Snell & Wilmer by David A. Paige and Laura V. Ridenour, Tucson, for defendant/appellee.

## OPINION

HATHAWAY, Judge.

This appeal is taken from the trial court's granting of a defense motion for summary judgment in a personal injury case.

Appellant was a passenger on a Sun Tran bus in Tucson and was injured when the bus was struck by an unidentified vehicle which fled from the scene. Appellant alleged that Transit Management of Tucson, Inc. (TMTI), the company which manages Sun Tran, was negligent for failing to provide uninsured motorist (UM) coverage to compensate its passengers for the negligent acts of other motorists who are uninsured. On cross-motions for summary judgment on the issue of UM coverage, the trial court granted TMTI's motion, finding that there were no material fact issues in dispute, and that the provisions of A.R.S. § 28–1221 exempted Sun Tran buses from any UM coverage requirements. We agree and affirm.

The City of Tucson's bus system is operated by ATE Management and Service Co., Inc. (ATE). Under its contract with the city, the day-to-day operation of the bus system is performed by TMTI, a subsidiary of ATE. The city is self-insured, and the bus system is included in the self-insurance program. Any injury claims made by bus passengers against TMTI are paid by the city.

Motions for summary judgment are governed by the standard applicable to motions for directed verdict. *Orme School v. Reeves,* 166 Ariz. 301, 802 P.2d 1000 (1990). In this action, the facts are not in dispute. We, therefore, analyze the record to determine whether the trial court correctly applied the law to those undisputed facts. *City of Scottsdale v. Thomas,* 156 Ariz. 551, 753 P.2d 1207 (App.1988).

Appellant relies on A.R.S. § 28–1233(A)(2)(a), which requires that a vehicle with a seating capacity of 16 or more have liability coverage in the amount of five million dollars "and uninsured motorist coverage in the amount of three hundred thousand dollars." However, subsection (D) of this statute provides an exemption to the Sun Tran buses operated by TMTI. Subsection (D) states:

> Any person under contract with this state or any political subdivision of this state or any municipality therein, *who operates motor vehicles owned by* this state or any political subdivision of this state *or any municipality* therein, *and is included in this self-insurance program* of this state or any political subdivision of this state or any municipality therein *is exempt from the uninsured motorist requirements* of this section. (Emphasis added.)

It is undisputed that the City of Tucson owns the buses and that the buses are included in the city's self-insurance program. In addition, A.R.S. § 28–1233 is part of Chapter 7 of the Safety Responsibility Act (SRA). Moreover, A.R.S. § 28–1221 provides that the Safety Responsibility Act, which includes § 28–1233(A)(2), does not apply "with respect to any motor vehicle owned by ... any municipality...."

A reading of A.R.S. § 28–1221 together with § 28–1233(D) clearly demonstrates that vehicles owned by a municipality, such as Tucson's Sun Tran buses, are not required to fulfill any of the insurance requirements that might otherwise apply to owners of private vehicles used for the transportation of passengers. In addition, any company, such as TMTI, which is operating city-owned buses is also not required to furnish UM coverage when its operations are covered by the city's self-insurance program.

Appellant also argues that Arizona has a comprehensive scheme, A.R.S. § 20–259.01, to provide compensation to insureds who are injured as a result of the negligent actions of uninsured motorists and, therefore, it follows that this statutory scheme must apply to the Sun Tran buses. A reading of A.R.S. §§ 28–1221 and 28–1233(D) leads to the contrary conclusion. In addition, A.R.S. § 20–259.01 governs insurance policies issued by insurers and is not applicable.

Appellant argues that there is an inherent inconsistency between the provisions of A.R.S. § 28–1221 and the requirement that privately-owned buses carry uninsured motorist coverage. See A.R.S. § 28–1233(A)(2)(a). As long as the basis for differing legislative classifications is reasonable, there is no constitutional violation. *State v. Arnett,* 119 Ariz. 38, 579 P.2d 542 (1978). Here, the legislature chose to ensure by statute the financial responsibility of private persons or organizations transporting passengers. It is a rational distinction to treat governmental units differently.

Appellant also argues that the trial court incorrectly interpreted A.R.S. § 28–1221 in light of *City of Phoenix v. Lane,* 76 Ariz. 240, 263 P.2d 302 (1953), rev'd on other grounds, *Everett v. State,* 88 Ariz. 293, 356 P.2d 394 (1960), which, appellant argues, interpreted a predecessor statute as exempting only drivers of government vehicles from the financial responsibility laws. We disagree. *Lane* clearly holds that both the government entity and its drivers are exempt. Appellant also argues that governmental immunity was abolished in *Stone v. Arizona Highway Comm'n,* 93 Ariz. 384, 381 P.2d 107 (1963). However, § 28–1221 has been amended several times subsequent to the *Stone* decision, and the legislature has not seen fit to remove the exemption for government vehicles.

Finally, appellant argues that public policy considerations mandate that governmental entities provide uninsured motorist coverage. The short answer to this argument is that public policy is set by the legislature and that body has clearly and unequivocally exempted government vehicles from the provisions of the SRA.

We need not address appellant's argument concerning the City of Tucson's excess insurer as that company has never been made a party to this action.

Affirmed.

FERNANDEZ and LACAGNINA, JJ., concur.