JORGENSON, Judge,
dissenting.
Because in my view the trial court erred in admitting parol evidence as to the parties’ agreement, I respectfully dissent.
*873 Paragraph four of the five-paragraph amendment to the lease agreement is clear on its face:
Notwithstanding any conflicting or inconsistent provisions of the Leases or this Agreement, including specifically paragraph 3 hereof, the term of each of the Leases and all renewal terms shall automatically terminate at the date that is eighteen months after the date of this Amendment. (Emphasis added.)
The court maintains that paragraphs three and four are in “irreconcilable conflict.” However, any conflict is resolved through the concise wording of paragraph four. The parties expressly used the word “notwithstanding” when drafting their amendment.[5] As the court properly notes, the meaning of “notwithstanding” incorporates such concepts as “in spite of,” “regardless of hindrance by,” “nevertheless,” “in spite of the fact that,” and “although.” [6] Cases that specifically define “notwithstanding” are in agreement. Wilshire Ins. Co. v. Home Ins. Co., 179 Ariz. 602, 604, 880 P.2d 1148, 1150 (1994) (citing the American Heritage Dictionary [1991] and noting that “ ‘Notwithstanding’ means ‘[i]n spite of.’ ”); Helling v. Webster Parish Police Jury, 523 So.2d 904, 908 (La.Ct.App.) (using Webster’s Ninth New Collegiate Dictionary [1984] and defining the use of “notwithstanding” within a statute as “despite”), appeal denied, 525 So.2d 534 (1988); State ex rel. PIA Psychiatric Hosps., Inc. v. Ohio Certificate of Need Review Bd., 60 Ohio St.3d 11, 17, 573 N.E.2d 14, 20 (1991) (citing to State ex rel. Carmean v. Hardin County Bd. of Educ., 170 Ohio St. 415, 422, 165 N.E.2d 918, 923 (1960), which defined “notwithstanding” as “without prevention or obstruction from or by; in spite of’); Pate v. Marathon Steel Co., 777 P.2d 428, 431 (Utah 1989) (noting that “[a]ctually, the word ‘notwithstanding’ means ‘in spite of ”).
In Quiring v. Plackard, 412 So.2d 415 (Fla. 3d DCA 1982), this court affirmed the exclusion of extrinsic evidence regarding an acceleration clause and a discount clause within a mortgage, finding no ambiguity. Quiring, 412 So.2d at 417. We held:
Paragraph eleven of the mortgage, which specifically provides that the acceleration clause controls “anything in said promissory note or herein to the contrary notwithstanding," resolves any conflict between the two provisions and manifests the predominance of the acceleration clause over the discount clause. Accordingly, use of parol evidence to explain or vary the terms of the mortgage was prohibited....
Quiring, 412 So.2d at 417 (emphasis added).[7]
The court’s reliance on Derosa v. Shiah, 205 Ga.App. 106, 108, 421 S.E.2d 718, 721 (1992), is misplaced. Derosa involved two employment agreements incorporated into a lease agreement, with three provisions of the lease agreement being in conflict with one “notwithstanding” provision of the lease. Here we have paragraph three juxtaposed with paragraph four and no conflict. These two provisions were inserted at the same time, and this brief document knowingly signed by experienced, capable parties. We would do better to adhere to our own controlling precedent rather than grounding our decision on another jurisdiction’s highly distinguishable case.
*874 While the court reminds us of “the rule of construction and of common sense that every provision is deemed to serve some useful purpose,” its affirmance, through the trial court’s use of parol evidence, results in paragraph four being entirely discarded. Without resorting to parol evidence, all paragraphs can be given full effect by reading them together, as written, with the specific wording selected by the parties — “Notwithstanding any conflicting or inconsistent provisions” and “including specifically paragraph 3 thereof.”
All of the parties involved in this transaction were knowledgeable and sophisticated when it came to drafting real estate leases. This agreement incorporated twenty-two complex commercial leases. Intense negotiations between corporations and partnerships were involved; all parties were represented by counsel. This was not an adhesion contract signed by naive players under duress. Both paragraphs were there for purposes that served all parties at the time. The wording of paragraph four is articulate, concise, and unambiguous as to what is intended. Paragraph four clearly and expressly incorporates paragraph three, and we should hon- or the intent of the parties and their freedom to contract.
I would reverse and remand with instructions to the trial court to enter judgment for the appellants.

. The parties could have used the ungainly "notwithstanding anything to the contrary contained herein," which is described as a legal phrase inserted in complex contracts in order to introduce the most important provisions. According to one source, it "can be fairly said to mean 'the true agreement is as follows.' " Bryan A. Garner, A Dictionary of Modern Legal Usage 380 (1987).

. Additional words and phrases can be found in other dictionaries. For example, an unabridged edition adds "without prevention or obstruction from or by,” "however,” and "yet.” Webster’s Third New International Dictionary of the English Language, Unabridged 1545 (1986).

.The Second and Fourth District Courts of Appeal also agree with our reasoning in Quiring. KRC Enterprises, Inc. v. Soderquist, 553 So.2d 760, 761 (Fla. 2d DCA 1989) (emphasizing the specific language "anything in said promissory note or herein to the contrary notwithstanding” as prevailing); Grier v. M.H.C. Realty Corp., 274 So.2d 21 (Fla. 4th DCA 1973) (finding a provision of a mortgage controlling over a provision of a simultaneously executed note because of the clarity of the mortgage provision, which specifically provided "anything in said note or herein to the contrary notwithstanding”).