■ ZACHARY JENKINS, Plaintiff, v CHARLES SHAULL et al., Defendants, and SHOW SUPPORT GROUP, LLC, Defendant/Third-Party Plaintiff-Appellant. GREAT WEST CASUALTY COMPANY, Third-Party Defendant-Respondent, et al., Third-Party Defendants. [24 NYS3d 733]—In an action to recover damages for personal injuries, the defendant/third-party plaintiff, Show Support Group, LLC, appeals from an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), dated April 15, 2014, which granted the motion of the third-party defendant Great West Casualty Company for summary judgment dismissing the third-party complaint insofar as asserted against it, and denied its cross motion for summary judgment on the third-party complaint insofar as asserted against the third-party defendant Great West Casualty Company.

Ordered that the order is affirmed, with costs.

The defendant/third-party plaintiff, Show Support Group, LLC (hereinafter SSG), was hired as a subcontractor to supply audio/visual equipment at a Volkswagen car show in the Roosevelt Field Mall in Nassau County. The plaintiff, an employee of a nonparty, was working at the job site on August 15, 2010. The plaintiff was unloading tables and chairs from a tractor trailer when he fell and struck his back on a metal beam inside the tractor trailer, causing injuries. The tractor trailer was insured by the third-party defendant Great West Casualty Company (hereinafter Great West), and the defendant Moving Performance, LLC, was the named insured under the policy of insurance. The insurance policy at issue afforded liability coverage to anyone using the tractor trailer with the insured's permission, with certain exceptions.

The plaintiff commenced an action against, among others, SSG, to recover damages for personal injuries. SSG commenced a third-party action against, among others, Great West, seeking a judgment declaring that Great West was obligated to

defend and indemnify it in the underlying action. The third-party complaint alleged that the plaintiff and the defendant Charles Shaull, neither of whom was employed by SSG, were in the process of unloading the tractor trailer when the accident happened.

Great West moved for summary judgment dismissing the third-party complaint insofar as asserted against it on the ground that SSG was not an insured under the terms of the policy. SSG cross-moved for summary judgment on the third-party complaint insofar as asserted against Great West. The Supreme Court granted Great West's motion and denied SSG's cross motion. SSG appeals.

The parties stipulated that the Supreme Court properly applied Arizona law to this case. The Supreme Court properly found that, under the controlling case law, SSG was not an insured under the terms of the policy, as SSG was not using the tractor trailer with the insured's permission at the time of the accident, and SSG and its employees would not have qualified as insureds under the policy in any event. Therefore, Great West was not obligated to defend and indemnify SSG in the underlying action (*see Wilshire Ins. Co. v Home Ins. Co.*, 179 Ariz 602, 603, 880 P2d 1148, 1149 [1994]).

SSG's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted Great West's motion for summary judgment dismissing the third-party complaint insofar as asserted against it, and properly denied SSG's cross motion for summary judgment on the third-party complaint insofar as asserted against Great West. Rivera, J.P., Sgroi, Miller and Hinds-Radix, JJ., concur.