398 P.3d 108

**MOHAVE COUNTY, Plaintiff/Appellee,**

v.

**ARIZONA DEPARTMENT OF WATER RESOURCES, Defendant/Appellant.**

No. 1 CA-CV 16-0259

Court of Appeals of Arizona, Division 1.

FILED 6/20/2017

As Amended 6/22/2017

Arizona Department of Water Resources, Phoenix, By Kenneth C. Slowinksi, Janet L. Miller, Jennifer Heim, Counsel for Defendant/Appellant

Munger Chadwick, P.L.C., Tucson, By John F. Munger, Robert J. Metli, Co–Counsel for Plaintiff/Appellee

Quarles & Brady LLP, Tucson, By Adriane J. Hofmeyr, Co–Counsel for Plaintiff/Appellee

Presiding Judge Samuel A. Thumma delivered the opinion of the Court, in which Judge Lawrence F. Winthrop and Judge James P. Beene joined.

**OPINION**

THUMMA, Judge:

¶ 1 This appeal turns on whether an award of attorneys' fees under Arizona Revised Statutes (A.R.S.) section 12–348.01 (2017)[1] is subject to the $10,000 cap in A.R.S. § 12–

---

1. Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

348(E)(4). Because that cap does not apply to such an award, the fee award is vacated and this matter is remanded for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

¶ 2 This matter began when appellee Mohave County filed objections with appellant Arizona Department of Water Resources (ADWR) to the transfer of certain water rights. Mohave County challenged ADWR's denial of those objections in court. In the end, the Arizona Supreme Court found ADWR properly denied Mohave County's objections. *Ariz. Dep't. of Water Res. v. McClennen*, 238 Ariz. 371, 372 ¶ 2, 360 P.3d 1023, 1024 (2015). The court awarded ADWR attorneys' fees pursuant to A.R.S. § 12-348.01, "but remand[ed] the case to the superior court for a determination of the amount of the award." *Id.* at 377 ¶ 35, 360 P.3d at 1029.

¶ 3 On remand, ADWR requested approximately $135,000 in fees. Mohave County opposed the request, arguing A.R.S. § 12-348(E)(4) capped any award at $10,000. Tacitly accepting Mohave County's argument, the superior court awarded ADWR "attorneys' fees in the amount of $10,000.00." ADWR's timely appeal followed.

## DISCUSSION

■ ¶ 4 This court reviews de novo the interpretation of statutes. *See Pima Cty. v. Pima Cty. Law Enf't Merit Sys. Council*, 211 Ariz. 224, 227 ¶ 13, 119 P.3d 1027, 1030 (2005). The fee award to ADWR is made pursuant to A.R.S. § 12-348.01, which provides that "[n]otwithstanding [A.R.S.] section 12-348," if a county "files a lawsuit against" a state agency, "the court shall award reasonable attorney fees to the successful party in the action." A.R.S. § 12-348.01. Mohave County argues any fee award to ADWR is capped by A.R.S. § 12-348(E)(4), which provides that "an award of fees against a city, town or county as provided in this section shall not exceed ten thousand dollars." Focusing on the text of A.R.S. § 12-348.01, the

text of A.R.S. § 12-348(E)(4) and case law construing the two statutes, Mohave County's argument is not well taken.

¶ 5 *First*, ADWR was awarded fees pursuant to A.R.S. § 12-348.01. *Ariz. Dep't. of Water Res.*, 238 Ariz. at 377 ¶ 35, 360 P.3d at 1029. Section 12-348.01 contains no cap limiting a fee award. Nor does the phrase "[n]otwithstanding section 12-348" used in A.R.S. § 12-348.01 import such a cap. To the contrary, " '[n]otwithstanding' means '[i]n spite of,' " and the use of that term shows A.R.S. § 12-348.01 is "a self-contained article" dealing with the issue. *Wilshire Ins. Co. v. The Home Ins. Co.*, 179 Ariz. 602, 604, 880 P.2d 1148 (App. 1994) (citation omitted); *see also City of Phx. v. Glenayre Elecs., Inc.*, 242 Ariz. 139, 144, 393 P.3d 919, 924 (2017) (noting Legislature "has often used language such as 'notwithstanding any other statute' . . . to indicate that a particular provision will trump any conflicting statutes") (citations omitted). Thus, the use of "[n]othwithstanding section 12-348" in A.R.S. § 12-348.01 shows the fee award here is not subject to the $10,000 cap in A.R.S. § 12-348(E)(4).

¶ 6 *Second*, the $10,000 cap in A.R.S. § 12-348(E)(4) is limited to "an award of fees . . . as provided in this section" (i.e., A.R.S. § 12-348).[2] But fees were awarded to ADWR pursuant to A.R.S. § 12-348.01, *not* A.R.S. § 12-348. Accordingly, this express language in A.R.S. § 12-348(E)(4) (limiting the cap to fees awarded pursuant to A.R.S. § 12-348), and the fact that the fee award to ADWR was pursuant to A.R.S. § 12-348.01, means the $10,000 cap in A.R.S. § 12-348 does not apply here.

■ ¶ 7 *Third*, focusing on the "[n]otwithstanding section 12-348" clause in A.R.S. § 12-348.01, case law runs counter to the argument Mohave County presses here. Addressing a somewhat different argument, *City of Tempe v. State* affirmed an award of "attorneys' fees in the amount of $108,090 pursuant to A.R.S. § 12-348.01," negating Mohave County's assertion that "the fee award cap found in" A.R.S. § 12-348(E)(4) applies. 237 Ariz. 360, 366 ¶¶ 25, 27 n.8, 351

2. As Mohave County concedes, "A.R.S. § 12-348 mandates fees for private individuals in certain suits against government entities," meaning it is unclear whether A.R.S. § 12-348 could authorize a fee award in this case. Because the Arizona

Supreme Court awarded ADWR fees pursuant to A.R.S. § 12-348.01, this court need not address whether fees could have been awarded under A.R.S. § 12-348.

P.3d 367 (App. 2015). Although Mohave County argues *City of Tempe* should be read differently or overruled, it provides no persuasive argument for doing so, particularly given the applicable statutory language.[3]

¶8 For these reasons, the superior court erred in concluding that the $10,000 cap in A.R.S. § 12–348(E)(4) applies to an award of attorneys' fees made pursuant to A.R.S. § 12–348.01. Given the substantial discretion vested in the superior court in awarding fees, and because the Arizona Supreme Court remanded the fee issue to the superior court, that court should be afforded an opportunity to address fees using the correct legal standard.

### CONCLUSION

¶9 The superior court's award of attorneys' fees is vacated and this matter is remanded for further proceedings consistent with this opinion. As the successful party on appeal, ADWR is awarded its reasonable attorneys' fees incurred on appeal pursuant to A.R.S. § 12–348.01, as well as its taxable costs on appeal, contingent upon its compliance with Arizona Rule of Civil Appellate Procedure 21.

---

**3.** It does not advance ADWR's argument to point out that Mohave County argued a contrary position earlier in this litigation. This court through its analysis, not a party through its conduct, resolves issues of statutory construction.